JOSEPH ARTHUR COURNOYER, SR. *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF LINCOLN.

DECEMBER 12, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the town of Lincoln denying the petitioner's application for a variance. Pursuant to the writ the board has certified the pertinent records to this court.

It appears therefrom that petitioner owns a parcel of land on Cobble Hill Road consisting of 36 acres. He desires to use a portion of said land measuring 200 feet by 300 feet and located in the middle thereof for a junk yard. Said portion is located in an "R-1" residence district in which, under the zoning ordinance, a junk yard is not a permitted use. For this reason petitioner has filed the instant application seeking a variance under the terms of section XXI of the ordinance, section 2 of which provides in part as follows:

> "Whenever it will not be contrary to the public interest and the appropriate use of neighboring property will not be substantially injured, the Board of Review may to prevent undue hardship, in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the ap-

plication of the district regulations herein established
* * * ."

At the hearing before the board petitioner through his counsel stated that he had purchased said land at a tax sale for $1,050; that it was woodland consisting mainly of swamps, ledge, hills and gullies; and that because of such condition was totally unsuitable for farming purposes. He also stated that he had expended a sum of money for a survey of the entire acreage for the purpose of dividing it into house lots for a housing development but that, as a result of the survey, it was determined that such use of the land was infeasible because the cost of preparing the terrain for such purpose would be prohibitive. He also stated that he had tried without success to sell the land.

Opposition to the granting of the application was voiced by several persons who owned dwelling houses in the neighborhood. It appears from their testimony that the neighboring area was residential in character and that there were no industries or businesses therein. The substance of their opposition was that the proposed use would deteriorate and blight the neighborhood and that it would depreciate the value of surrounding properties.

After the hearing the board entered a decision denying the application. Noting therein that it had taken a view, it stated that it based its decision on its findings that a denial of the application would not work any undue hardship on petitioner, that granting the same would be contrary to the public interest, and that the appropriate use of neighboring property would be substantially injured.

The petitioner contends that the board abused its discretion and acted arbitrarily in denying his application. He argues that the decision is not supported by the evidence. On the contrary, he claims that the uncontradicted evidence proves that the proposed use is the only beneficial use he can make of the land; that such use would not substantially injure the appropriate use of neighboring property;

and that consequently he is entitled to a variance. We do not agree with these contentions.

The petitioner has chosen to base his request for relief on section XXI of the ordinance. That section in effect authorizes the board to do something which it already has the authority to do under the enabling act, namely, to grant a variance to prevent undue hardship. In other words, the petitioner bases his entire case on his claim that he is entitled to a variance. It is well settled that an applicant for a variance has the burden of convincing the zoning board that a literal enforcement of the ordinance would result in unnecessary hardship and that a grant of a variance would not be contrary to the public interest. *Winters* v. *Zoning Board of Review*, 80 R. I. 275.

In our opinion petitioner has not sustained such burden. He has failed to show by competent evidence that the requested use is the only beneficial use which he can make of his land or that said land cannot be used for any of the other purposes permitted in an "R-1" district. There is nothing in the record to support petitioner's contention that a denial of the variance would result in depriving him of all beneficial use of his land. See *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26. In the circumstances the board did not abuse its discretion or act arbitrarily in refusing to make a finding of undue hardship on the mere statement of petitioner that the proposed use was the only beneficial use which he could make of the land.

Having found that a denial of the application would not work any undue hardship on the petitioner, the board was without authority to grant the variance. In view of this conclusion it becomes unnecessary to discuss the other findings made by the board, although we are satisfied that those findings are supported by competent evidence.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records

which have been certified to this court are ordered sent back to the respondent board.

*Angelo DiSpirito, Jr.,* for petitioner.

*Edward L. Gnys, Jr.,* Town Solicitor for Town of Lincoln, for respondent.