MARY E. COLE *et al., Members of the School Committee of the City of East Providence vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.
PROVIDENCE COUNTRY DAY SCHOOL *vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

JANUARY 29, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. These are two petitions for certiorari brought to review a decision of the zoning board of review of the city of East Providence granting an application for a variance and authorizing the use of a tract of land presently in a residence A district for an off-street parking lot to service the needs of an existing adjoining shopping center. The writs issued and in compliance therewith the pertinent records and papers have been certified to this court.

The relevant facts are these. The applicant, Fred Podren, is and has been for approximately 11 years the owner of a 550,000-square-foot tract of land at the southwesterly corner of Pawtucket and Taunton avenues. In 1953 the town council changed the classification of the tract from residence A to business C, excepting, however, from such reclassification a portion thereof 100 feet in depth commencing south of the intersection and fronting 700 feet along the westerly side of Pawtucket avenue. The portion so excepted, referred to by the parties as a "buffer zone," was retained in a residence A district and is presently vacant, unimproved, and uncultivated. It is the subject of the instant application.

In 1961 the applicant applied to the board for a variance or exception whereby the buffer zone might be used to provide additional off-street parking for the large shopping center which subsequent to the reclassification had been constructed on the portion of the tract which had been placed in a C zone. The board granted the application. On review on certiorari this court considered the application as having been for an exception and quashed the decision because none of the special exceptions enumerated

in the relevant provisions of the ordinance was susceptible of construction as authorizing the location in a residence A district of an off-street parking lot for a shopping center. *Cole* v. *Zoning Board of Review*, 94 R. I. 265, 179 A.2d 846.

Shortly thereafter the applicant filed the instant application for a variation seeking in substance the same use for the buffer zone which this court held in its earlier decision was beyond the jurisdiction of the board to grant by way of exception. At the hearing before the board the relevant testimony on the question of whether applicant had been deprived of all beneficial use of the buffer zone came principally from him and from two real estate experts. Although all three testified that the buffer zone was not utilizable for a permitted use, a careful examination of the transcript clearly indicates that each witness reached his conclusion without reference to the variety of uses permitted by sec. 32-3 of the ordinances.

Thus, the testimony of the applicant is that he understood the only permitted uses were residential; of Paul W. Carter a real estate expert, that uses authorized in a residence A district were limited to dwelling houses, schools and churches; and of Stephen L. Reed the second real estate expert, that the land could not be used if mortgage financing were unavailable and that such financing for the erection of a dwelling, school or church on the buffer zone would be "extremely difficult" to obtain.

Based on the foregoing and on a stated familiarity with the location of the buffer zone, although the nature thereof is not made known in its decision, the board found that "The land in question is not suitable for residential purposes nor for any of the uses permitted in a residential 'A' zone." That conclusion is premised, however, on the board's statement in its decision that the only uses additional to dwellings "permitted in an 'A' zone under the city ordinance are parks, schools, churches, hospitals, play-

grounds and farming." Its enumeration not only excludes such permitted uses as libraries, public museums, community buildings, and private clubs, but also includes *hospitals* which in fact are not allowable uses in a residential A zone.

It is well settled in this state that a finding by a zoning board of unnecessary hardship is dependent upon proof that a literal application of the terms of the zoning ordinance will deprive the owner of *all* beneficial use of his land. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116. Such deprivation as to this applicant can exist only upon establishment by competent evidence that his land cannot be used for any of the purposes permitted in a residence A district. *Cournoyer* v. *Zoning Board of Review*, 92 R. I. 42, 166 A.2d 128. The burden is upon him to negate the possibility of beneficial utilization of his land for the uses permitted in a residence A district.

Although in reviewing the action of a zoning board we will not ordinarily weigh the evidence, we will examine the record to determine whether there is any legal evidence in support of its decision. *Gemma* v. *Zoning Board of Review*, 93 R. I. 440, 176 A.2d 722. Here the record is barren of the requisite negation as to many of the permitted uses and the lack thereof is on this record fatal to the applicant's case. *Cournoyer* v. *Zoning Board of Review*, *supra*.

Because we take this view it will not be necessary to pass on petitioners' other contentions.

In the circumstances it is our opinion that the ends of justice will be best served if the board were to reconsider this application and thereafter reach a determination thereon in accordance with this opinion.

In each case the petition for certiorari is granted, the decision of the respondent board is quashed, and the records and papers certified to this court are ordered returned to the board with instructions to reconsider the application in accordance with this opinion, reserving to the board the

right to hear further evidence if it so desires. Jurisdiction for review of the board's subsequent decision is hereby retained in this court.

*Harry Goldstein; Hinckley, Allen, Salisbury & Parsons, Frank L. Hinckley, Jr., Peter C. Alegi* for petitioners.

*Sarkis Tatarian,* City Solicitor for City of East Providence, for respondent.

*Archie Smith,* for applicant as amicus curiae.