205 A.2d 841.

ANTHONY V. MIGLIACCIO *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

DECEMBER 31, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the respondent board's decision granting the application of Joseph V. Tally for a variance. Pursuant to the writ the board have certified the pertinent records to this court.

It appears therefrom that Mr. Tally, hereinafter referred to as the applicant, has owned and operated a business for the sale of religious goods and liturgical appointments for many years on Westminster street; that he must vacate his present premises because they are located in the path of the Weybosset Hill Redevelopment project; and that in December 1963 he bought a vacant lot of land at 189-191 Broadway for the purpose of erecting a building thereon to carry on his aforesaid business.

The applicant's lot has a frontage of 60.08 feet, a depth of 100 feet and an area of 6,048 square feet. It is located on the northerly side of Broadway in a R-4 multiple dwelling zone wherein the proposed use is not permitted. Consequently the application for an exception or variance was filed. Permission was sought to erect a one-story masonry commercial building 2,520 square feet in area and an illu-

minated identification sign 6 feet by 4 feet on a steel pole. The applicant also requested relief from side and rear yard regulations of the zoning ordinance. He expressly states that he is seeking relief under secs. 44 A, 91 and 92 of the ordinance.

The petitioners are the owners and occupants of a dwelling on the southerly side of Broadway, almost directly opposite applicant's land.

At the hearing before the board the applicant's counsel stated that a literal enforcement of the zoning ordinance would result in unnecessary hardship. He also presented two witnesses, the Reverend Robert J. Mollar and Mr. Joseph P. Flynn. The Reverend Mollar is pastor of the Broadway Methodist Church, which is located on the premises adjacent to the applicant's lot. Mr. Flynn is a well-known building contractor. The substance of their testimony is that the proposed use would be a substantial improvement and would enhance the value of the neighborhood. In addition several photographs of various buildings in the area were introduced in evidence for the purpose of showing the character of the surrounding uses and structures.

The petitioners and other remonstrants appeared in person or by counsel in opposition to the application. The substance of their objections was mainly twofold, namely, that the proposed use would create increased traffic hazards and would further change the residential character of the area.

The board granted the variance and in their decision state that they took a view of the lot in question. They noted that it was vacant and that there were several C-4 heavy commercial, C-2 general commercial, and C-1 limited commercial uses in the immediate vicinity. After considering all of the evidence they found that a literal enforcement of the ordinance would result in unnecessary hardship, that

the granting of a variance to erect the proposed building for a "Limited Commercial" use would be in harmony with the character of the area, and that it would not be contrary to the public interest. The board expressly stated that on the basis of the evidence the applicant had established unnecessary hardship.

. The narrow issue before this court is whether there is any legal evidence to support the findings on which the board's decision is based.

There is such evidence in the record as to their finding that the proposed use would not be contrary to the public interest. But petitioners base their appeal on their contention that there is no legal evidence to support the finding on the question of unnecessary hardship. In our opinion there is merit in petitioners' position on this issue.

Statements made by the applicant's counsel before the board that enforcement of the ordinance provisions would result in unnecessary hardship are mere conclusions and cannot, standing alone, justify a finding of unnecessary hardship. *Pettine* v. *Zoning Board of Review,* 96 R. I. 404, 192 A.2d 433, 437. There is no evidence in this record that the applicant's land cannot be used for some other permitted use.

In *Cole* v. *Zoning Board of Review,* 97 R. I. 220, 197 A.2d 166, this court has very clearly set forth the rule governing the proof necessary to support a finding of unnecessary hardship. In our opinion the case at bar is controlled by our decision in that case and we shall therefore treat it accordingly.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records and papers certified to this court are ordered returned to the board with instructions to reconsider the application in accordance with this opinion, reserving to the board the right to hear further evidence if they so desire. Jurisdiction

for review of the board's subsequent decision is hereby retained in this court.

*Eugene A. Liberati, Thomas R. DiLuglio,* for petitioners.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for City of Providence.

*Francis V. Reynolds, Leonard A. Kiernan, Jr.,* for respondents.