210 A.2d 653.

R-N-R ASSOCIATES *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

. JUNE 9, 1965.

PRESENT: Condon, C. J., Roberts, Paolino and Powers. .

8

ROBERTS, J. This petition for a writ of certiorari was brought to obtain a review of a decision of the zoning board denying the petitioner's application for a variance permitting it to conduct a coin-operated laundromat in a portion of a building located on land zoned for commercial C-1 uses. The writ issued and pursuant thereto the respondent has certified to this court the record in the cause.

It appears therefrom that petitioner is the owner of a three-story building located on Broad street in the city of Providence, the upper floors of which comprise several apartments used for dwelling purposes. The first floor is divided into four stores. The petitioner seeks the variance in order to be permitted to operate the laundromat in one of these stores, conceding that the operation of a laundromat is a commercial use not permitted in a C-1 district but is a permitted commercial use in a C-2 district.

The record discloses that the board made an inspection of the premises to which the application referred and of surrounding properties. It then conducted a hearing on the application and thereafter, stating that it had considered all of the testimony adduced thereat on behalf of the parties, found specifically that "the introduction of a C-2 use into a C-1 Zone would adversely affect the property values in the area and generate more activity in an already highly traveled area * * *." The board then denied petitioner's application for the variance, clearly relying upon the ground thus stated.

The authority of the board to grant a variance derives from the enabling act, G. L. 1956, §45-24-19. In subsec. c. thereof it is provided that a board of review shall have the power "To authorize * * * such variance in the application

of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." In short, the issue raised by an application for a variance is whether a literal enforcement of some pertinent provision of the ordinance restrictive of the owner's use of the land results in unnecessary hardship. Where that is established, it is the duty of the board to grant a variance in an application of the terms of the ordinance such as will not be contrary to the public interest. Cf. *Mello* v. *Board of Review,* 94 R. I. 43, 177 A.2d 533.

The hardship contemplated in this legislation has constitutional overtones, and it is the purpose of the variance to immunize zoning legislation against attack on the ground that it may in some instances operate to effect a taking of property without just compensation. In *Denton* v. *Zoning Board of Review,* 86 R. I. 219, we said at page 221 that the legislature, in enacting this provision of the statute, "intended to vest these boards with authority to prevent the indirect taking of land without compensation by depriving the owner of all beneficial use thereof. Where it is shown that such deprivation would follow a literal enforcement of the ordinance and it does not appear that the interest of the public would be thereby violated, it is the duty of these boards to so exercise their discretion as to avoid confiscation." Because the application here was for a variance, the failure of the board to make any finding that a literal application of the provisions of the ordinance limiting the commercial use of the building to C-1 use either would or would not result in unnecessary hardship is significant, in our opinion, of a misconception on the part of the board as to the nature of the issue presented to it.

In short, as we noted in *Denton* v. *Zoning Board of Re-*

*view, supra,* where the applicant makes the necessary show-ing of hardship partaking of the character of confiscation, his right as a landowner to the variance becomes clear, and in such circumstance a denial of the variance sought would constitute an abuse of the board's discretion. Once the right to a variance becomes established, the only matter remaining within the board's discretion is that in granting a specific variance in the application of the terms of the ordinance the spirit thereof shall be observed and that "such variance in the application of the terms of the ordinance * * * will not be contrary to the public interest * * *."

The action of the board on the findings made in the in-stant case indicates that it views the above-quoted language of the act as constituting a limitation on its authority to grant a variance even if the prerequisite requirement of unnecessary hardship be established. It appears to consider this statutory language as a condition precedent to its au-thority to act affirmatively upon an application for a vari-ance similar to those prerequisite to the granting of an ap-plication for an exception. With this concept we do not agree.

It is our opinion that this language limits the authority of the board only with respect to the scope and character of the relief from the restriction to be granted by way of a variance, entitlement therefor having been established by showing unnecessary hardship. In *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26, speaking of this limitation, we said at page 29: "As the provisions of the ordinance repre-sent a declaration of public interest, any variance would in some measure be contrary thereto. In this connection the words 'contrary to the public interest' should be interpreted to mean what in the judgment of a reasonable man would unduly, and in a marked degree conflict with the ordinance provisions." Clearly, while this phrase is inherently one of limitation, it does not operate to divest the board of juris-diction to alter restrictions by way of a variance.

In *Kraemer* v. *Zoning Board of Review,* 98 R. I. 328, 201 A.2d 643, we noted that a variance contemplates a departure from the provisions of the ordinance establishing permitted uses. It follows that while a use allowed by way of variance may be granted in hardship cases, the granting thereof constitutes an exercise of the zoning power continuing to restrict in some measure the use that may be made of the land to which it applies. Therefore, like any other act limiting the use of land, it must bear a reasonable relationship to the public interest upon which any valid exercise of the police power must rest. In short, a board of review, when granting a variance to the terms of the ordinance, is still zoning and must do so in a valid exercise of the police power, that is, consistently with the public interest upon which the police power must rest.

We have given consideration to this aspect of the board's decision at some length in order to remove any confusion as to the true nature of the variance and its function in zoning. It is important, in our opinion, that zoning boards of review be informed that the right of a landowner to a variance turns upon a showing of unnecessary hardship, that is, a showing that an ordinance restriction deprives him of all beneficial use of his land. When such is established, confiscation must be avoided by the grant of some alternate use by way of a variance. The provision of the statute that such use, when granted by way of variance, be not contrary to the public interest does not operate to negative a landowner's right to a variance in a proper case. It simply restricts the board as to the scope and character of the use that may be allowed by way of variance in order to relieve a landowner from the confiscatory effect of a literal enforcement of the pertinent provision of the ordinance.

As we have noted, the board in this case made no express finding upon the question of whether a literal enforcement of the C-1 restrictions resulted in unnecessary hardship. Because of this circumstance we have considered whether

justice would be best served by a remand of the cause to the board for a further consideration of that issue. However, we have scrutinized the record closely and as a result thereof are persuaded that to remand this case in the circumstances would serve no useful purpose. The record, in our opinion, is devoid of any legally competent evidence upon which the board reasonably could rest a finding that a literal enforcement of the restrictions imposed under the C-1 classification would deprive petitioner of all beneficial use thereof. Clearly, the evidence adduced by petitioner in support of its application is susceptible, at most, of an inference that higher rentals could be obtained from prospective tenants who desire to operate on the premises a coin-operated laundromat. In *Strauss* v. *Zoning Board of Review,* 72 R. I. 107, we stated specifically that unnecessary hardship is not established merely by showing that the terms of the ordinance, literally enforced, do not permit an owner of land to make the most profitable use thereof.

There is in the instant record no evidence that the restrictions imposed on this property by the zoning classification now in effect adversely affect its use as a residential property or, for that matter, that the remaining stores within the building cannot be rented by reason of such restriction to C-1 uses. In these circumstances we are constrained to conclude that the board did not abuse its discretion in denying the application for a variance and that nothing in the record warrants a remand to the board for further consideration on the question of unnecessary hardship.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record is ordered returned to the respondent board with our decision endorsed thereon.

*Norman Jay Bolotow,* for petitioner.

*William E. McCabe,* City Solicitor, *David J. Kehoe,* for respondent.