210 A.2d 877.

MOUNT PLEASANT REALTY AND CONSTRUCTION COMPANY *vs.*

ZONING BOARD OF REVIEW OF

THE CITY OF EAST PROVIDENCE.

JUNE 16, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This petition for certiorari was brought to review the action of the respondent board denying an application for an exception to or a variance from the zoning ordinance of the city of East Providence. It prays that the decision of the board be reversed. We issued the writ and pursuant thereto the appropriate records have been duly certified to this court.

It appears therefrom that petitioner corporation is the owner of certain real estate in said city laid out and described as lots 261, 262 and 263 on assessor's plat 65. It is located in a residential "A" zone and has a total area of something in excess of 17,000 square feet, fronting 100 feet along the northerly line of Willett avenue and extending 175 feet north along the easterly line of Hilton avenue.

It further appears that on June 5, 1964 petitioner applied for either a special exception pursuant to the provisions of sec. 32-20 of the revised ordinances or for a variance as provided by G. L. 1956, §45-24-19c. The application discloses a request to erect a two-story masonry building covering an area of 8,000 square feet. The first floor would contain six stores while the second floor would be devoted to eleven offices.

After due notice a hearing was held June 22, 1964 and thereafter on June 25. 1964 the board denied the application for the following reasons:

"1. Numerous objectors who felt that the stores and offices would devaluate their properties and increase the traffic through residential areas.

"2. That there was no specific uses mentioned as to what these stores and offices would be used for."

The petitioner contends in effect that the board's decision was erroneous being arbitrary and an abuse of its discretion, and that there was uncontradicted, legally competent evidence on which either a variance or a special exception should have been granted pursuant to the applicable provisions of the enabling act or the zoning ordinance, respectively. We are unable to agree.

At the hearing Joseph DeCubellis, petitioner's treasurer, testified that the corporation had owned the property since 1950 and at some time thereafter had placed it with Glenrose Realty for sale as residential property without success. He stated enigmatically, "We could probably dispose of it at a price that would be detrimental to us." Whether the wit-

ness intended to imply that the property could be disposed of at a loss or less profitably than was hoped is open to conjecture.

Nor was testimony offered concerning what efforts were made by Glenrose—the asking price and related factors from which a reasonable inference might be drawn that devoting the property to residential purposes would result in a loss of all beneficial use. We have repeatedly held that the variance contemplated by §45-24-19c may be granted only where there is a showing of such loss. *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26; *Caldarone* v. *Zoning Board of Review*, 74 R. I. 196. Moreover, in a case similar to that which is before us, we followed this rule and further held that the burden of showing hardship or a loss of all beneficial use is on the applicant. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116.

Further, in *Cole* v. *Zoning Board of Review*, 97 R. I. 220, 197 A.2d 166, we held that the burden was on the applicant to negate a beneficial utilization of all permitted uses in a district zoned residence A. The ordinance in question provides for a number of permitted uses in such a district and the applicant offered no evidence that the property could be devoted to none of such uses.

On the state of the record before us we cannot say that the board's denial of a variance was so arbitrary as to constitute an abuse of its discretion. In such circumstances its decision will not be disturbed. *Garreau* v. *Board of Review*, 75 R. I. 44; *Potter* v. *Zoning Board of Review*, 65 R. I. 286.

Nevertheless petitioner argues that the evidence it adduced in support of a special exception was uncontradicted and that the decision of the board in this regard was capricious and arbitrary. The application, as related to a special exception, was addressed to the provisions of sec. 32-20 of the revised ordinances which provide:

"When in its judgment the public convenience and welfare will be substantially served and the appro-

priate use of neighboring property will not be substantially or permanently injured, the zoning board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows * * *."

There then follows a list of the special exceptions which the board is authorized to grant in the exercise of its judgment when based on competent evidence.

In *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 110, in passing upon the very language contained in the present ordinance, we stated:

"We are of the opinion that the board of review, when passing upon an application for an exception, is required among other things to make a finding on the question of whether or not a grant of the exception sought would, in the circumstances, substantially or permanently injure neighboring property. If the board finds that granting the exception would injure such property it is without authority to act affirmatively upon the petition."

Although petitioner contends to the contrary we are of the opinion that the reasons given by the board for its decision, when read in the light of the evidence, constitute a finding that the granting of the special exception sought would result in substantial injury to the appropriate use of neighboring property.

Mr. DeCubellis testified that several prospective tenants had approached him "such as a dress shop, * * * a finance company, a realty company and I had a dentist, an optometrist called upon us, but I was in no position to make any commitments * * *." It is clear from his direct and cross-examination that he could give no assurance as to the type of businesses which would occupy the six stores nor the professional nature of the office tenants.

He further testified that there would be space to accommodate off-street parking of twenty-five to thirty cars.

which was corroborated by Ralph A. Pari who qualified as a real estate expert; that the value of residential property in the neighborhood would not be depreciated but rather would have an increased value for commercial purposes; and that it was the highest and best use to which the property could be devoted.

A number of remonstrants appeared at the hearing and several testified in opposition. Frederick J. Connors, a member of the city council, testified in detail and at length that Willett avenue, a four-lane highway, was divided by a buffer strip in the center; that two lanes on the southern half were one way for eastbound traffic; that the two lanes on the northern half. on which the subject property is located, are one way for westbound traffic; and that only such westbound traffic would have ready access to the proposed stores and offices. For this reason, he testified, Hilton avenue to the west and Sachem road to the east thereof would bear the brunt of the traffic coming from the heavily populated center of the city to the stores and offices proposed by petitioner. He reminded the board that both of these public streets were solidly residential and that a number of young children resided thereon.

Moreover, commenting on the limited accommodations for off-street parking in light of the use which would be made thereof by seventeen tenants, he predicted that the residential streets would be overcrowded by the parking of cars, since no parking is permitted on Willett avenue.

He also stated that in his opinion residential values would be depreciated, but the clear thrust of his testimony was to the effect that the proposed uses would create a serious traffic hazard, especially for the children residing on the streets which would carry the brunt of the traffic.

Several other residents, some of them living on Hilton avenue and Sachem road, gave similar testimony in corroboration of that offered by councilman Connors.

The petitioner argues that the testimony of the remonstrants was not legally competent in that they were not qualified to give opinion evidence. In our judgment, however, petitioner misconceives the nature of and overlooks the evidence on which the board based its findings, namely, the one-way traffic permitted on Willett avenue, access to petitioner's proposed stores and offices from the center of the city largely by use of Hilton avenue and Sachem road, inadequate off-street parking, and the solid residential aspects of the roads that would be utilized both in reaching petitioner's building and for parking. From these factual conditions the board was warranted in drawing the inference that there would be such an intensification of traffic congestion in a residential area as to constitute a hazard. See *Kelly* v. *Zoning Board of Review,* 94 R. I. 298, 180 A.2d 319, and *Thomson Methodist Church* v. *Zoning Board of Review,* 99 R. I. 675.

In those cases there was no factual testimony from which legal inferences might be drawn and the decisions of the boards rested on speculation, thus the instant case is readily distinguishable on its facts.

Nevertheless petitioner argues the first reason given by the board discloses that it was influenced by what amounted to a poll of the neighborhood and as such was contrary to the often-stated rule reiterated by this court in *Pettine* v. *Zoning Board of Review,* 96 R. I. 404, 192 A.2d 433. This argument is apparently premised on the reference by the board to "Numerous objectors who felt * * *." We conceive this to be an exercise in semantics. It is clear that the board was referring to testimony of factual conditions of probative force and not merely reciting desires couched as objections.

Moreover, contrary to the view taken by petitioner we are not persuaded that the board gave two separate, unrelated reasons. Taken together and read in connection with the evidence they demonstrate that the application for

a special exception was denied on the ground that the board was unable to find that the granting thereof would not substantially injure the appropriate use of neighboring property. *Hazen* v. *Zoning Board of Review, supra.*

We reach the conclusion that what petitioner refers to as separate findings constitute a single reason because of the testimony relative to the traffic pattern as it would be affected by patrons and the uncertainty of the space which would be taken by tenants in the off-street parking facilities, absent a showing of the commercial, business or professional nature of seventeen diversified services.

Although it is obviously desirable that a board of review should make known its findings and state its reasons for the granting or denying of an application with sufficient clarity so as to be readily comprehended, failure to do so is not fatal if, read in the light of the record, the language employed is reasonably meaningful. We are persuaded that the record before us constitutes a case in point.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records which have been certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Stephen R. Walsh,* for petitioner.

*Clifford J. Cawley,* City Solicitor, for respondent.