**218 A.2d 4.**
DOCO, INC. *vs.* ZONING BOARD OF REVIEW OF THE
CITY OF PROVIDENCE.

MARCH 30, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Providence, in which permission was granted to the applicant to operate a laundromat in a building located on land presently zoned for C-1 uses. It is conceded that the proposed use is not a permitted use in a C-1 zone but that it is such a use in a C-2 zone. The writ issued, and pursuant thereto the respondent board has returned the pertinent record to this court.

It appears therefrom that the premises under consideration comprise a portion of the first floor of a 2½-story dwelling house. The remaining portion of the first floor is occupied by a beauty shop, while the upper floors are used for residential purposes. It appears that the instant premises were occupied for some time by a milk store but had been vacant for a period of about four months at the time the instant application was heard. It is not disputed that the applicant had attempted during that period to rent the store for some use that would be permitted in a C-1 zone. It appears from the record that the beauty shop and the residential parts of the building are occupied.

The board discloses that it made an inspection of the premises and thereafter conducted a hearing on the application. It then voted to "make a variation of the use district regulations under the Zoning Ordinance and does hereby grant the application * * *."

The petitioner argues that the board exceeded its jurisdiction in that it granted neither an exception nor a variance but in express terms purported to grant a "variation of the use * * * regulations * * *." This contention, in our opinion, is without merit, it being settled generally that where the record does not disclose that an applicant sought some particular exception authorized in the ordinance, an application is to be treated as one for a variance. *Cole* v.

*Zoning Board of Review,* 94 R. I. 265. It is our conclusion then that the board here acted under this general rule and intended to grant a variance.

The petitioner contends further that if the board intended to grant a variance, it was without authority to do so, having failed to make the prerequisite finding that a literal enforcement of the pertinent terms of the ordinance would result in unnecessary hardship. The board made no express finding as to unnecessary hardship in this case. Generally, however, when a board of review under such an application grants an exception or a variance, implicit in such affirmative action is a finding of the conditions precedent to the grant therein made. *Davis* v. *Zoning Board of Review,* 93 R. I. 484. But the applicant in the instant case gains nothing from this rule, for it has no application unless there is in the record some competent evidence that will support such a finding. An examination of the record here fails to disclose any evidence upon which such a finding, either express or implied, can rest.

It is true that there is in this record testimonial evidence that the applicant for a period of four months had been unable to rent the store for a use permitted in a C-1 zone, but this, standing alone, does not constitute evidence that will support a finding of unnecessary hardship. It establishes only that the adverse effect of the pertinent terms of the ordinance operates to preclude the applicant from making more profitable use of the premises and this, in law, does not constitute the unnecessary hardship contemplated in the statute as a ground for the grant of a variance. *R-N-R Associates* v. *Zoning Board of Review,* 100 R. I. 7, 210 A.2d 653.

Neither does the disclosure in the record that the board made an inspection of the premises assist this applicant. Ordinarily where the record discloses that a board obtained pertinent information on the basis of such an inspection, the information so obtained will be treated by us as con-

stituting legally competent evidence on which a finding may rest. *Lawson* v. *Zoning Board of Review*, 85 R. I. 54. But we will not invoke this presumption where the record fails to disclose information of this character acquired by the board. As we said in *Kelly* v. *Zoning Board of Review*, 94 R. I. 298, 304: "To sustain a decision on the basis of the board's acting on knowledge acquired by inspection, the record must contain some reasonable disclosure as to the knowledge so acquired and their action pursuant thereto." Such a disclosure does not appear in the instant record, and we are constrained to conclude, therefore, that the board, in granting the relief here sought, abused its discretion.

The petition for certiorari is granted, the decision of the board is quashed, and the record certified to this court is ordered returned to the respondent board with our decision endorsed thereon.

*Temkin, Merolla & Zurier, Melvin L. Zurier,* for petitioner.

*William E. McCabe, David J. Kehoe,* for respondent.