218 A.2d 473.

ANTHONY V. MIGLIACCIO *et ux. vs.* ZONING BOARD OF
REVIEW OF THE CITY OF PROVIDENCE.

APRIL 13, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is a petition for certiorari to review
the respondent board's decision granting an application for
a variance after a remand by this court in a prior hearing
wherein we retained jurisdiction to review any subsequent
decision made by the board. See *Migliaccio* v. *Zoning
Board of Review,* 99 R. I. 101, 205 A.2d 841. The cause is
presently before us on the petitioners' motion to review the
decision of the board entered after such remand. The per-
tinent records have been returned to this court by the
board.

The basic facts involved in this case are adequately set forth in *Migliaccio, supra,* filed December 31, 1964. In that case, which shall hereinafter be referred to as "the first hearing," we stated that the narrow issue before us was whether there was any legal evidence to support the findings on which the board based its decision that the applicant was entitled to a variance. We held that there was competent evidence in the record to support the board's finding that the proposed use would not be contrary to the public interest. There was implicit in our decision a finding that the proposed use would be in harmony with the character of the area. However, we found that the record failed to disclose any legal evidence to support the board's finding of unnecessary hardship.

On this issue we held that the applicant had failed to meet the test set forth by this court in a long line of cases governing the proof necessary to support a finding of unnecessary hardship. Although we granted the petition and quashed the decision, we returned the case with instructions to reconsider the application in accordance with our opinion, reserving to the board the right to hear further evidence if it so desired.

During the period between the first hearing of this application before the board on April 14, 1964 and the final rehearing on August 24, 1965, there was a change of membership in the board. Because of such change the board heard the application de novo. On October 11, 1965 it granted the application on the ground that the applicant had established that the proposed use would not be contrary to the public interest and that a literal enforcement of the provisions of the zoning ordinance would result in unnecessary hardship. On January 3, 1966 we granted petitioners' motion to reopen the cause and review the board's decision pursuant to the terms of our remand.

The petitioners have briefed and argued the instant petition under two main points. Under point I they contend

that the board lacked jurisdiction to hear the application de novo in view of our mandate in the first hearing limiting the rehearing to the narrow issue of unnecessary hardship. While it is true that our mandate directed the board to reconsider the application only on the issue of unnecessary hardship, it does not follow that it lacked jurisdiction to hear the application de novo. Indeed, under our mandate the board had jurisdiction over the subject matter and the parties and in the circumstances it had no alternative; a de novo hearing was the only way it could comply with our mandate. Section 103 of the zoning ordinance of the city of Providence, cited by petitioners, is not applicable and therefore requires no further discussion.

At the hearing before us petitioners conceded that if the board had jurisdiction, they were not prejudiced by the de novo hearing. We agree with petitioners' statement that our mandate returning the records in the case limited the board to a reconsideration of the question of whether there was competent evidence to support a finding of unnecessary hardship. Although in the changed circumstances the board was compelled to hear the application de novo, we shall consider only the evidence and findings on the issue of unnecessary hardship and shall treat the other findings as mere surplusage.

Under point II petitioners contend in substance that there is no competent evidence in the record probative of the board's finding of unnecessary hardship. They argue strenuously that the applicant has failed to show that a literal enforcement of the ordinance will deprive him of all beneficial use of his land. After a careful examination of the record we are constrained to disagree with petitioners. In our opinion the board's finding on this issue is supported by competent evidence.

The standard of proof necessary to support a finding of unnecessary hardship has been stated by this court in numerous cases. In *Cole* v. *Zoning Board of Review*, 97 R. I.

220, 197 A.2d 166, 168, the rule is summarized in the following language:

> "It is well settled in this state that a finding by a zoning board of unnecessary hardship is dependent upon proof that a literal application of the terms of the zoning ordinance will deprive the owner of *all* beneficial use of his land. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, 161 A.2d 198, 162 A.2d 284. Such deprivation as to this applicant can exist only upon establishment by competent evidence that his land cannot be used for any of the purposes permitted in a residence A district. *Cournoyer* v. *Zoning Board of Review*, 92 R. I. 42, 166 A.2d 128. The burden is upon him to negate the possibility of beneficial utilization of his land for the uses permitted in a residence A district."

Mr. William R. Warburton, a qualified real estate expert called as a witness by the applicant, testified in substance that applicant's land cannot be used for any of the purposes permitted in an R-4 district. In our opinion his testimony on this issue implicitly includes conditionally permitted uses. The board relied heavily on Mr. Warburton's testimony. As the court said in *Gemma* v. *Zoning Board of Review*, 93 R. I. 440, 445:

> "Although it is well settled that ordinarily we will not weigh the evidence, *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 155 A.2d 333, it is equally well settled that we will examine the record to determine whether any legal evidence exists to support the board's decision. Such an examination necessarily entails a determination of whether the evidence relied on by the board is sufficient in law to support a finding that a literal compliance with the ordinance would be a deprivation of all beneficial use."

Mr. Warburton also testified that unless the applicant could use his land for the proposed use "He is subject to complete confiscation." In our opinion his testimony negated "the possibility of beneficial utilization of" applicant's land for the uses permitted in an R-4 district and was

competent evidence to support the board's finding of unnecessary hardship. As the court said only recently in *R-N-R Associates* v. *Zoning Board of Review*, 100 R. I. 7, 11, 210 A.2d 653, 655:

> "* * * where the applicant makes the necessary showing of hardship partaking of the character of confiscation, his right as a landowner to the variance becomes clear, and in such circumstance a denial of the variance sought would constitute an abuse of the board's discretion."

Before closing it may be well to state that our examination of the transcript does not support the petitioners' contention that Mr. Warburton's testimony was based on the price the applicant paid for the land in question. It may also be helpful to point out that in cases involving applications for variances certain uses are self-negating. It is not necessary, for example, to prove that a 6,000-square-foot lot cannot be used for a regulation 18 hole golf course. The *Cole, supra*, test sets forth a pragmatic standard which must be applied reasonably to the facts of each case in order to avoid the "constitutional overtones" referred to in *R-N-R Associates, supra* at 654.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records are ordered returned to the respondent board with our decision endorsed thereon.

*Thomas R. DiLuglio*, for petitioners.

*William E. McCabe*, City Solicitor, *David J. Kehoe*, Assistant City Solicitor, *Francis V. Reynolds, Leonard A. Kiernan, Jr.*, for respondent.