238 A.2d 744.

AMERIGO A. PELLINI *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

FEBRUARY 28, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for certiorari brought to review a decision of the respondent board which granted permission for the erection of a drugstore on a lot of land located in an area zoned for residential purposes. The writ issued and the board has duly certified to this court for our examination the record of its proceedings. .

The application filed with the board by the Dutch Realty Co. and Theodore J. and Irene G. Wolanski concerns a parcel of land consisting of three lots which are bounded by Messer, Cranston and Ford streets. Two of the lots which abut Cranston street are zoned commercial. The third lot is in an area designated as an R-4 zone by the Providence zoning ordinance. This lot is contiguous to the two commercial lots and it runs from Messer to Ford street. Located thereon is an unoccupied boarded-up three-family house. Plans presented to the board showed that the house would be razed and a modern drugstore would be erected in its place. The other two commercial lots would be used to afford off-street parking facilities for the drugstore's customers. While such an enterprise is permissible on the first two lots, a drugstore is not a permitted use on the third lot.

Since the applicants sought a variance, it was their burden, as this court has said so many times, to present legally competent evidence to show that the enforcement of the zoning ordinance had deprived them of all beneficial use of the R-4 lot. The only witness who testified at the hearing before the board was the secretary of the realty company which owned this particular property. He told of the corporation's inability to keep the house rented and how the property had been vandalized. This official described the difficulty he encountered in obtaining desirable tenants and the expense involved in maintaining the property in good repair. When asked by the chairman of the board if the corporation would receive a "fair return" if it remodeled the house, this witness replied in the negative.

In our search of the record we are unable to find therein competent evidence which would justify the award of a variance as was given the applicants. The single inconclusive statement of the corporation's inability to receive a "fair return" on any renovations it performed on the house is completely lacking in probative force on the issue of a showing of hardship as that term relates to the granting of a variance. *Marks* v. *Zoning Board of Review,* 102 R. I. 545, 232 A.2d 382. Further, there is a complete dearth of testimony to show a negation of the other permitted uses allowed in an R-4 zone under the ordinance. *Cole* v. *Zoning Board of Review,* 97 R. I. 220, 197 A.2d 166. Among other permitted uses in this zone are apartment houses and nursing or rest homes. In the record are several assertions made by applicants' counsel in support of his clients' cause. He told the board that a drugstore on the subject lot would constitute the highest and best use of the land. This statement and other utterances which were offered by the attorney cannot be considered as competent evidence upon which the board could grant relief. *Melucci* v. *Zoning Board of Review,* 101 R. I. 649, 226 A.2d 416; *Pettine* v. *Zoning Board of Review,* 96 R. I. 404, 192 A.2d 433. The board in taking the action it did herein acted arbitrarily and in abuse of its discretion.

The petition for certiorari is granted, the decision of the board is quashed and the record certified is ordered returned to the respondent board with our decision endorsed thereon.

*Eugene A. Liberati, John K. Najarian,* for petitioner.

*Robert J. McOsker,* City Solicitor, *Edward F. Malloy,* Assistant City Solicitor, for respondent.