[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the City of Providence. Filomena Lupo, a neighboring landowner (hereinafter "plaintiff") here seeks reversal of the zoning board's October 16, 1990 decision, granting a variance to the applicant, Andrew Palazzo (hereinafter "defendant"). The Zoning Board of Review of the City of Providence (hereinafter "Board") is codefendant in this appeal. Jurisdiction in this Court is pursuant to Rhode Island GeneralLaws 1956 (1988 Reenactment) § 45-24-20.
TRAVEL AND FACTS
The defendant is the owner of the subject property, a three family dwelling unit described as Lot 588 of Assessor's Plat 35 located at 565 Broadway in Providence. More specifically, this property is adjacent to an on-ramp for a state highway on the westerly side and separated from the neighboring residential uses by a paved parking lot on the easterly side. (Real Estate Survey, Exhibit G). Said property is located generally in a "highly trafficked" area and one comprised of multi-family residential dwellings as well as commercial." (Transcript at 11). Presently, this property is zoned R-4 entitled "Multiple Dwelling Zone," which does not allow commercial uses. (Sec. 44, Providence Zoning Ordinance).
On July 20, 1990, the defendant filed with the here codefendant Board an application for a variance for relief from the provisions of Section 44-A of the Zoning Ordinance of the City of Providence to enable him to convert the first and second floor for office use and maintain the third floor for a one family dwelling. (Application for Exception or Variance . . ." and Transcript at 4). Additionally, the defendant has requested relief from Section 24-C-2d governing parking for business and which requires ". . . at least one parking space for every 500 square feet of gross floor area in said buildings or structures, . . . ."
A scheduled hearing was held on September 24, 1990. At this meeting the plaintiff did not appear. Among the four objectors present were neighbors Angela Santopietro and a Mr. Vitale who additionally spoke. Mrs. Santopietro did not object to the defendant's proposed use of the subject premises as an office provided that the premises not be zoned "residential general" and that the use instead be restricted to that of an insurance agency. (Transcript at 19). Mr. Vitale similarly objected to a general office use. Also before the Board was a September 18, 1990 letter from the Department of Planning and Development (Exhibit 6), stating that the department had no objection to the defendant's proposed use but to the parking plan accompanying such use, the latter found to be in conflict with the Comprehensive Plan and the draft Zoning Ordinance of the City of Providence. To remedy the above parking insufficiency, the applicant offered evidence of his obtaining additional parking spaces, both by taking down the garage presently on the property and via an agreement with neighbor, Theodore Hahn, allowing the defendant to use three of his parking spaces. (Exhibit 1). Also at this hearing, Thomas Andolfo, a real estate expert, spoke before the Board indicating that the defendant's proposed use would both serve the public and would be similar to ". . . already existing uses along Broadway . . ." and would ". . . not substantially or permanently injure the neighboring properties." (Transcript at 15).
On October 16, 1990, the Board granted to the defendant a variance from Sections 24-C-2d and 44-A under Sections 91-92 of the Providence Zoning Ordinance. However, the Board additionally imposed on same the following restrictions: "(1) the first and second floor of the building may be used only for an insurance business; and (2) the business may be advertised by a free standing sign with no internal illumination. . . ." (Resolution No. 7321). The plaintiff filed the instant appeal.
STANDARDS OF REVIEW
The Superior Court review of a zoning board decision is controlled by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined ". . . as more than a scintilla but less than preponderance." Id.
at 824; ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
With respect to the standard for granting a variance, RhodeIsland General Laws 1956 (1988 Reenactment) § 45-24-19(c) is controlling. Variances are authorized when the applicant demonstrates that the ordinance as applied will result in unnecessary hardship and that such variance will not be contrary to the public interest Rozes v. Smith, 120 R.I. 515, 518,388 A.2d 816 (1978). Plaintiff's threshold burden is to demonstrate the "unnecessary hardship" caused by the applied zoning regulation. The court has interpreted an "unnecessary hardship" as "a deprivation of all beneficial use of one's land." RhodeIsland Hospital Trust National Bank v. East Providence ZoningBoard of Review, 444 A.2d 862, 864 (R.I. 1982); DeStefano v.Zoning Board of Review of Warren, 405 A.2d 1167, 1170 (R.I. 1979). The requisite complete deprivation of all beneficial use has been clearly distinguished from "substantial deprivation" as the standard to be used in determining whether one is entitled to such a variance Smith v. Zoning Board of Review of the City ofWarwick, 104 R.I. 5, 241 A.2d 288, 290 (1968).
THE BOARD'S DECISION
The plaintiff at bar contends that the Board erroneously granted a variance to the applicant. In her brief, the plaintiff, who did not appear at the hearing, essentially argues that the defendant has failed to carry his burden of proving a deprivation of all beneficial use of his property. Plaintiff further argues that as the defendant has not met the "unnecessary hardship standard," the issue of whether his use of the building would be contrary to the public interest is without any legal significance.
A thorough review of the record reveals that the Board had before it, both at the hearing and from its own view of the site, ample probative evidence to grant the variance. At the September 24, 1990 hearing, the defendant testified that at the present site of his insurance business, immediately next door to the subject site, he was utilizing ". . . 700 square feet or less and by moving next door will give me more than 1200 square feet. It would give me more space." (Transcript at 6) For the past seven years, the defendant's insurance business had been located in this area (Transcript at 1) so he was considered "established" here. If granted the variance, the defendant stated he would use the first floor for his insurance business with possible future expansion to the second floor. Until expanding to the second floor, the applicant planned to lease same out ". . . to an office or business similar to mine — architectural, engineer, or . . ." (Transcript at 6). The defendant also presented to the Board at the hearing evidence that he had been unable to rent the presently vacant first floor of the subject premises since June. (Transcript at 4).
In Doco, Inc. v. Zoning Board of Providence, 100 R.I. 587, 589, 218 A.2d 4 (1966), an applicant seeking a variance presented evidence to a zoning board that he had been unable to rent a store for a permitted use for a period of four months. The court concluded that ". . . this, standing alone does not constitute evidence that will support a finding of unnecessary hardship" (emphasis added) but rather demonstrated the applicant was precluded from making a more profitable use of the premises. Alternatively, in the case at bar, wherein the defendant is both unable to rent the first floor and is in need of additional space for his established business in this area, the defendant has demonstrated more than an inability to make a more profitable use of the premises and has presented evidence of the requisite "unnecessary hardship" warranting a variance.
The defendant has also demonstrated that the variance he sought would not be "contrary to the public interest." RhodeIsland Hospital Trust National Bank v. East Providence ZoningBoard of Review, 444 A.2d 862, 864 (1982). To uphold the Board's decision, the Court must now determine whether the record contains competent evidence demonstrating that the variance will not change the essential character of the locality. Coderre v.Zoning Board of Pawtucket, 105 R.I. 266, 273, 251 A.2d 397
(1969).
To evaluate the above, the Board had before it pertinent testimony from both the defendant and two neighbors. The defendant stated that he was established in the area as he had conducted his present insurance business next door to the subject premises for the past seven years. Also testifying before the Board was Angela Santopietro, a neighbor who stated that the previous tenants for the first floor of the subject property created "chaos" and added "I don't mind an office." (Transcript at 19). Essentially, neither Mrs. Santopietro nor another neighbor, Mr. Vitale, objected to the variance provided that the Board restricted the defendant's use of the subject property to an insurance agency. Furthermore, the Board heard testimony and received a real estate survey from expert Thomas Andolfo indicating that ". . . the proposed use is in complete harmony with the neighborhood area, is an appropriate use, and will not substantially or permanently injure neighboring properties due to the relief sought. (Exhibit 3 at 3). Additionally presented to the Board was a letter for the Providence Department of Planning and Development which found that the defendant's proposed use of the property did not conflict with the draft comprehensive plan and the draft Zoning Ordinance but that the then inadequate parking situation would have an adverse effect on the surrounding properties (Exhibit 6). With respect to this parking problem, the defendant presented to the Board evidence of his obtaining the necessary additional parking spaces at a neighboring property. (Exhibit 1).
Finally, in the case at bar, the Board inspected the subject premises as well as the surrounding property in the area. This Court is mindful that
 [i]t is well-settled law in this state that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance. Where it appears from the record that a decision was reached in reliance upon such knowledge, it is considered . . . to constitute legal evidence sufficient to support such a finding.
Monforte v. Zoning Board of East Providence, 93 R.I. 447, 449,176 A.2d 726 (1962) (Quoting Woodbury v. Zoning Board ofReview, 78 R.I. 319, 323. In Doco, the court looked to a zoning board's inspection of a subject sight for the "pertinent information" which it would treat ". . . as constituting legally competent evidence" to support the board's granting of a variance. However, because the zoning board in Doco failed to disclose the knowledge so acquired from its inspection, the court was unable to sustain the decision of this board.
In contrast, the Board in the case at bar did disclose the pertinent information they obtained from their inspection and which they considered in granting the variance. In its findings, the Board noted
 1.) . . . that the surrounding area consists of mixed commercial and residential uses. The property is located immediately adjacent to an on-ramp for a state highway and is separated from the neighboring residential uses by a paved parking lot.
 2.) The Board finds that denial of the application will be a hardship to the petitioner and that the proposed use mixed use of offices and residential use will not be inimicable to the public health, safety and welfare.
(Resolution No. 7301). Thus, this Court is satisfied that the Board here provided the requisite "reasonable disclosure" of the special knowledge it acquired on its inspection, Kelly v. ZoningBoard of Providence, 94 R.I. 298, 303-304, 180 A.2d 319 (1962), sufficient to constitute competent evidence on which its decision rested.
After review, this Court finds that the decision of the zoning board is supported by reliable, probative, and substantial evidence of the whole record and is not clearly erroneous. For the reasons herein above set out, the decision of the Zoning Board of Review of the City of Providence is affirmed.
Counsel shall prepare the appropriate judgment for entry.